IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FAHEEM L. BOWERS,**

    **Plaintiff,**

    v.                                                         **CASE NO. 21-3224-SAC**

**SAMUEL ROGERS, et al.,**

    **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff proceeds *pro se* and *in forma pauperis* in this civil rights case. At the time of filing, Plaintiff was detained at CoreCivic Leavenworth Detention Center in Leavenworth, Kansas ("CoreCivic"). On November 5, 2021, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 6) ("MOSC II"), granting Plaintiff until December 3, 2021, in which to show good cause why his why his claims against the CoreCivic defendants, his claims under the FTCA, and his official capacity claims, should not be dismissed for the reasons stated in the MOSC II.

The MOSC II also directed the officials responsible for the operation of CoreCivic, in cooperation with the USMS, to submit a *Martinez* Report regarding Plaintiff's individual capacity claims against the federal officials. The MOSC II provides that the Report shall be limited to the issue of whether or not the USMS, through an onsite marshal or otherwise, retains control over the day-to-day operations and/or has policy making authority at CoreCivic. This matter is before the Court on CoreCivic's Motion for Extension of Time to Submit Martinez Report (Doc. 13).

CoreCivic seeks an extension of time until January 7, 2022, to submit the *Martinez* Report. CoreCivic seeks an extension due to the holidays as well as the significant operational change currently underway at CoreCivic requiring transfer of all pretrial detainees from CoreCivic to USP-

1

Leavenworth.  For good cause shown, the Court grants the motion.

Plaintiff has failed to respond to the MOSC II by the Court's deadline and has failed to show good cause why his claims against the CoreCivic defendants, his claims under the FTCA, and his official capacity claims, should not be dismissed for the reasons stated in the MOSC II. The MOSC II provided that "[f]ailure to respond by the deadline may result in dismissal of these claims without further notice for failure to state a claim." (Doc. 6, at 7.)  Therefore, these claims are dismissed.  The only remaining claim is Plaintiff's individual capacity claim against Mr. Burgss.  All other Defendants are dismissed from this action.  Samual Rogers, CoreCivic Warden, shall remain on the docket as an interested party for the limited purpose of preparing the *Martinez* Report.  Upon the filing of that report, the Warden may move for termination from this action.

Donzell A. Jones and James C. Chrisman have filed a Motion to be Opted Into Civil Action (Doc. 10).  Likewise, Donzell A. Jones, Emmanuel J. Sanders and Antonio B. Flemming, have filed a Motion to be Added to Civil Action (Doc. 8).  The movants are housed at CoreCivic and allege that they have suffered the same conditions of confinement as set forth in this action.  They seek to be added under Fed. R. Civ. P. 23 as a member of a class action.  However, this case has not been certified as a class action and Plaintiff is not serving as a class representative.  "A court may not certify a class unless it determines 'the representative parties will fairly and adequately protect the interests of the class." *Lewis v. Clark*, 577 F. App'x 786, 793 (10th Cir. 2014) (citing Fed. R. Civ. P. 23(a)(4)). "When the court reviews the quality of the representation under Rule 23(a)(4), it will inquire not only into the character and quality of the named representative party, but also it will consider the quality and experience of the attorneys for the class." *Id*. (citation omitted).  The Tenth Circuit in *Fymbo v. State Farm Fire and Casualty Co.*, 213 F.3d 1320 (10th Cir. 2000), concluded that a "litigant may bring his own claims to federal court without counsel, but not the claims of others" because "the competence of a layman

2

is 'clearly too limited to allow him to risk the rights of others.'" *Id*. at 1321(citation omitted).  Thus, the *pro se* Plaintiff cannot adequately represent a class.

The Court denies the motions without prejudice to reconsidering them if Plaintiff's remaining claims survive screening.  However, the movants may be required to bring separate actions.  *See Davidson v. Thompson*, Case No. 18-3084-SAC, 2019 WL 1317465, at *2 (D. Kan. March 22, 2019) ("This Court has previously decided that prisoner plaintiffs may not undermine this statutory obligation by joining in the filing of a single action and that each prisoner plaintiff must file a separate action and pay the full district court filing fee.") (citation omitted).  Thus, in any event, movants would be required to either pay the filing fee or submit a motion for leave to proceed *in forma pauperis*.

**IT IS THEREFORE ORDERED THAT** CoreCivic's Motion for Extension of Time to Submit Martinez Report (Doc. 13) is **granted.**

**IT IS FURTHER ORDERED** that the deadline to submit the *Martinez* Report ordered at Doc. 6 is extended to **January 7, 2022.**

**IT IS FURTHER ORDERED** that Plaintiff's claims against the CoreCivic defendants, his claims under the FTCA, and his official capacity claims, are **dismissed** for the reasons stated in the MOSC II.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants Rogers, Roemich, Spellman, Niecko, Mackey, Harlty, Graham, A. Baker, Acosta, Burge, Barton, Reginald Baker, Mays, Ramirez, Lowe, D. Jones, J. Jones, Davis, Kramer, Hawkins, Wilson, Delaney, James, (fnu) (lnu) Sort Team Member, Thompson, Gutierrez, and Miller, are **dismissed.**

**IT IS FURTHER ORDERED** that the motions seeking to be added to this action (Docs. 8, 10) are **denied without prejudice.**

**IT IS SO ORDERED**.

**Dated December 6, 2021, in Topeka, Kansas.**

>   <u>**S/ Sam A. Crow**</u>
> **SAM A. CROW**
> **SENIOR U. S. DISTRICT JUDGE**